NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT KINNERY, | |
| Plaintiff, | Hon. Dennis M. Cavanaugh |
| v. | OPINION |
| JERSEY CITY POLICE DEPARTMENT, et al., | Civil Action No. 11-1929 (DMC)(MF) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendants, Police Officer P. Wojtowicz, Badge #2848 and Police Officer J.E. Ransom, Badge #2698 (together "Officers") and the City of Jersey City (improperly pled as the Jersey City Police Department) ("Jersey City") (all collectively "Defendants") for Summary Judgment on February 1, 2012 (ECF No.9). Pursuant to FED. R. CIV. P. 78, stating that the court has the authority to determine the motions on briefs without oral hearings, no oral argument was heard. After considering all submissions, and based upon the following, it is the finding of this Court that Defendants' Motion for Summary Judgment is **granted with prejudice**.

I. BACKGROUND

Plaintiff first filed his Complaint in this action on April 5, 2011. (ECF No. 1, "Compl."). Plaintiff's application to proceed *in forma pauperis* was denied by this Court's Order dated April 8, 2011. (ECF No. 2). Plaintiff properly re-filed his Complaint within the time prescribed by this

Court along with the appropriate filing fee on May 3, 2011.[1] In his Complaint, Plaintiff asserts the Officers arrested him on September 26, 2009 at the apartment that he was renting, located at 24 Reed Street, Jersey City, New Jersey. Plaintiff further asserts that the Officers, who were employed by the Jersey City Police Department, entered his residence without a search warrant, used excessive force to arrest him, and conducted a search of the premises without his permission or a valid search warrant.

Defendants filed the present unopposed Motion for Summary Judgment and an accompanying Moving Brief on October 25, 2012. (ECF No. 14). In response, Plaintiff filed a letter that includes . The matter is now before this Court.

## II. STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586

---

[1] For purposes of this Motion, Plaintiff's initial filing on April 5, 2011 will be referenced, when citing to the Complaint.

(1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. App'x 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

## III. DISCUSSION

While Plaintiff's Complaint does not specifically assert Fourth Amendment claims for illegal search and seizure against the Defendants, the Court finds that the Complaint should be properly construed as a Fourth Amendment violation claim. However, Plaintiff has failed to present any evidence to sustain his Fourth Amendment claims.

### A. Plaintiff failed to present evidence that his Fourth Amendment right to be free from illegal searches and seizures was violated.

Plaintiff's Complaint states that "Officers enter (sic) my residents (sic) with no search warrant and searched my apartment without my permission nor search warrant." (Complaint, Pg. 4).

It is well settled law that officers can conduct a protective sweep in conjunction with an in-home arrest when there is reasonable belief based upon specific and articulable facts that the area to be swept could harbor individuals posing a danger to those on the arrest scene. Maryland v. Buie, 494 U.S. 325, 327 (1990).

In the instant matter, Plaintiff was arrested in his apartment for a valid warrant after

willingly opening the apartment door. (Ex. B, Police Report)[2]. After Plaintiff was placed in handcuffs, the Officers conducted a protective sweep of the apartment. Plaintiff testified that the sweep consisted of Officer Ransom walking into his bathroom, bedroom, living room and looking through a window in the kitchen. (Ex. C, Kinnery Deposition "Kinnery Dep." 29:15-32:7). Plaintiff also testified that Officer Ransom picked up a "bag of herbs" that was located in plain view and had a K-9 sniff the bag to determine whether the bag contained any illegal substances. (Kinnery Dep. 31:6-33:21). The sweep took approximately two minutes to complete. (Kinnery Dep. 31:6-20).

Under the applicable law set forth by the Supreme Court in Maryland, supra, the Officers' actions were completely justified, especially considering that the Officers were aware that a houseguest of Plaintiff had shot and killed a fellow police officer in that apartment a few months before this incident. (Ex.C, Kinnery Dep. 27:18- 28:17).

Therefore, Defendants are entitled to summary judgment.

### B. Plaintiff failed to present any evidence to sustain a claim that he was arrested without probable cause.

The Fourth Amendment prohibits officers from arresting a citizen without probable cause for the arrest. Papachristou v. City of Jacksonville, 405 U.S. 156, 169 (1972). To state a 42 U.S.C. §1983 claim for false arrest, a plaintiff must establish that he was arrested by a state actor without probable cause. Santiago v. City of Vineland, 107 F. Supp. 2d 512 (D.N.J. 2000) (citing Palma v. Atlantic County, 53 F. Supp. 2d. 743, 755 (D.N.J. 1999). The existence of probable

---

[2] Exhibits cited to in this Discussion section are attached to Defendants' Moving Brief, ECF No. 14).

cause will defeat a claim of false arrest. Id. Probable cause exists when the arresting officer has knowledge based upon the facts and circumstances of the situation to warrant a reasonable person to believe that an offense was committed by the arrestee. United States v. Cruz, 910 F.2d 1072, 1076 (3d Cir.1990). Probable cause for an arrest is present when a citizen's name appears on a bench warrant. United States v. Smith, 468 F.2d 381 (3d Cir. 1972). Also, under FED. R. CRIM. P. 4(c)(3), an officer is not required to have the warrant in his possession at the time of arrest. Smith, 468 F.2d at 382.

In the instant case, Plaintiff deposition testimony as to this issue, centers on the Jersey City Municipal Court and the his belief that the arrest warrant should have been recalled by a municipal judge. (Kinnery Dep. 53:14-54:22). However, Plaintiff's this argument is irrelevant as to whether the Officers had probable cause to arrest Plaintiff.

The Officers arrested Plaintiff for an valid warrant. (Ex. B, Report). There is no evidence that either the warrant was invalid or that the Officers should have known that the warrant was invalid. Plaintiff resisted the arrest and was also charged with resisting arrest. (Ex. B, Report). Although Plaintiff incoherently argued that a Municipal Court Judge should have recalled the warrant prior to this incident, Plaintiff admitted that the warrant was still active and valid when he was arrested on September 26, 2009. (Kinnery Dep. 58:12-59:25; Ex. D, ATS Documents).[3] Thus, the Officers had probable cause to arrest Plaintiff and Defendants are entitled to summary

---

[3] The underlying summonses that led to the bench warrant were for violations of N.J.S.A. § 39:3-29- Failure to Exhibit Drivers License and Registration Card. (Ex. D- ATS Documents). The statute provides that if the defendant exhibits the documents and proof that the documents were valid on the day that he was charged, to the municipal court judge, the judge may dismiss the charges. Id. In this matter, the charges were dismissed by a judge on October 2, 2009. (Complaint Pg. 10).

5

judgment.

### C. Plaintiff failed to present evidence that the force used by the police officers was excessive therefore Jersey City is entitled to summary judgment.

The Fourth Amendment prohibits the use of excessive force when arresting a suspect. Abraham v. Raso, 183 F.3d 279, 288 (3d Cir.1999). An officer may only use reasonable force when effectuating an arrest. Kopec v. Tate, 361 F.3d 772, 776-78 (3d Cir. 2004). To determine whether the force was reasonable, the court must apply the reasonableness test, which requires an analysis of the facts and circumstances of the incident. Graham v. Connor, 490 U.S. 386, 396 (1989). Determining whether the conduct was reasonable requires the court to consider the severity of the crime, the immediate threat posed to the officer's safety, whether the suspect was actively resisting the arrest and the number of suspects with whom the officers had to contend at one time. Couden v. Duffy, 446 F.3d 483, 496-97 (3d Cir. 2006). The degree of force that an officer is allowed to use is dictated by the suspect's behavior. Graham, 490 U.S. at 396. The reasonableness of force used "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id.

In the instant case, the minimal amount of force used to effectuate the arrest was reasonable and warranted. The Officers attempted to place cuffs on Plaintiff's hands because he was under arrest. Plaintiff tensed up his arm in an attempt not to be handcuffed. The Officers maneuvered Plaintiff's arm in an attempt to place Plaintiff's hands in cuffs. No unnecessary force was used. Furthermore, Plaintiff makes no allegations whatsoever that he suffered any physical injuries as a result of this incident. Therefore, Defendants are entitled to summary judgment.

### D. Plaintiff's claims against the City of Jersey City should be dismissed because

6

**plaintiff failed to present any evidence that his civil rights were violated due to a City of Jersey City custom, policy and/or practice.**

The first step in any civil rights §1983 action is to identify the alleged constitutional violation. In the instant case, Plaintiff alleges the Officers violated his Forth Amendment rights. (Complaint).

A municipality can only be held liable in a §1983 action when the alleged constitutional violation implements or executes a policy, regulation or decision officially adopted by the municipality or informally adopted by custom. Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). A municipality cannot be held liable under §1983 on a respondeat superior theory of liability. Monell, 436 U.S. at 694. Although the municipality may not be held liable for a constitutional tort under §1983 on the theory of vicarious liability, it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom. Id.

It has been held that a "policy is made when a 'decision maker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, such practices of state officials [are] so permanent and well-settled as to virtually constitute law." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir.1990). In the instant case, Plaintiff failed to present any evidence to sustain a violation of his civil rights under the Forth Amendment. Also, Plaintiff failed to present any evidence that the alleged violation was the result of a City custom, policy and/or practice. Furthermore, Plaintiff has not proffered any testimony, expert or otherwise, to support the claim. Therefore, Plaintiff cannot meet his burden of proof and the claim should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted with prejudice. An appropriate Order accompanies this Opinion.

5/15/13

Dennis M. Cavanaugh, U.S.D.J.

Original:   Clerk's Office
cc:         Hon. Mark Falk, U.S.M.J.
            All Counsel of Record
            File